IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WARD MANAGEMENT COMPANY,

                                          ORDER

      Plaintiff,

                                          08-cv-206-bbc

  v.

WESTPORT INSURANCE CORPORATION,[1]

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Ward Management Company brought this case in the Circuit Court of St. Croix County, Wisconsin, alleging that defendant breached its insurance contract and engaged in bad faith when it refused to cover certain losses that plaintiff suffered. Defendant removed this case from state court, invoking this court's diversity jurisdiction, which requires complete diversity of citizenship and an amount in controversy of at least $75,000. 28 U.S.C. § 1332.

      Defendant has moved for summary judgment, which is now under advisement.

---

[1] Defendant has explained that although it was named "Westport Insurance Company" in the original complaint, its proper name is "Westport Insurance Corporation." I have amended the caption accordingly.

1

However, before I can reach that question, I must insure that subject matter jurisdiction exists. Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1237 (2006) (court has independent obligation to insure that subject matter jurisdiction exists). The Court of Appeals for the Seventh Circuit has reiterated the need for litigants to meticulously review the limits of federal jurisdiction to prevent the waste of federal judicial resources. Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003). The federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000).

A review of the parties' summary judgment materials leaves doubts as to the existence of federal jurisdiction because defendant submits *no* evidence regarding the citizenship of the parties or the amount in controversy. As the party seeking to invoke federal diversity jurisdiction in this case, defendant must establish that the complete diversity and amount in controversy requirements are met. Chase v. Shop n' Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997). At summary judgment, that means putting forth *evidence* of the grounds for jurisdiction, such as a sworn affidavit. Fed. R. Civ. P. 56(e); Sparing v. Village of Olympia Fields, 266 F.3d 684, 692 (7th Cir. 2001). This court's procedures required defendant to include in its proposed findings of fact "ALL factual propositions [it] considers necessary for judgment in [its] favor," including "factual statements relating to jurisdiction." Procedure to be Followed on Motions for Summary Judgment, I.B.3, III,

2

attached to Preliminary Pretrial Conference Order, dkt. #12. Defendant included no such facts.

For defendant's information, even the grounds for diversity stated in its notice of removal are incomplete because the notice fails to identify plaintiff's citizenship. It states that plaintiff is a *company* organized and existing under the laws of the State of Wisconsin with its principal place of business in Wisconsin. The citizenship of an entity is not determined by the state under which it is organized and its principal place of business unless it is a *corporation*. If, as it appears, plaintiff is an unincorporated entity, its citizenship is the citizenship of each of its members. Commonwealth Insurance Co. v. Titan Tire Corp., 398 F.3d 879, 881 n.1 (7th Cir. 2004) (unincorporated entities are citizens of every state of which any member is a citizen); Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007) (citizenship of limited liability company is citizenship of each of its members).

Although it is likely that diversity jurisdiction can be established in this case, it would be a waste of limited judicial resources to proceed further in a case where jurisdiction may not be present. Therefore, I will give defendant until January 8, 2009 in which to propose supplemental facts supported by evidence for the limited purpose of establishing the amount in controversy and the diversity of citizenship between itself and plaintiff. Plaintiff may have until January 15, 2009 in which to respond to the supplemental proposed findings of fact; however, if plaintiff does not oppose those facts, it is encouraged to respond sooner.

ORDER

IT IS ORDERED that defendant Westport Insurance Corporation may have until January 8, 2009 in which to file supplemental proposed findings of fact establishing the amount in controversy and diversity of citizenship between itself and plaintiff. Plaintiff may have until January 15, 2009 in which to respond to the supplemental proposed findings of fact, if it wishes. If defendant fails to comply with this deadline, the case will be remanded to the Circuit Court of St. Croix County, Wisconsin for lack of subject matter jurisdiction.

Entered this 31st day of December, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge